**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

SAF-T-GARD INTERNATIONAL, INC.,
an Illinois corporation,

        Plaintiff,

        Case Number:

  v.

ENVIROGUARD, INC.,        Judge:
a Delaware corporation,

        Defendant

_____

**COMPLAINT FOR TRADEMARK INFRINGEMENT
AND FALSE DESIGNATION OF ORIGIN**

Saf-T-Gard International, Inc., ("Saf-T-Gard"), sues Enviroguard, Inc. ("Enviroguard"), for Trademark Infringement and Unfair Competition under the *Lanham Act,* and states as follows:

**JURISDICTION AND VENUE**

1. This is an action for injunctive relief and to recover damages, which arises under the trademark laws of the United States, 15 U.S.C. §§ 1114 and 1125(a). This Court has original subject matter jurisdiction of this action by virtue of 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a).

2. This Court has personal jurisdiction over the Defendant pursuant to Ill. Stat. 5/2-209. Upon belief, the Defendant transacts business within this State through, *inter alia,* the servicing of its customers in this State, including through its website at www.int-enviroguard.com. The Defendant has committed tortious acts within this State through the unauthorized sale and/or licensing of industrial personal protective products under the trademark "ENVIROGUARD".

3. Venue is proper in this district by virtue of 28 U.S.C. §1391(b) in that Defendant is deemed to "reside" in this district. In addition, a substantial part of the events giving rise to this action occurred in this district.

**PARTIES**

4. Plaintiff Saf-T-Gard International, Inc., ("Saf-T-Gard") is a corporation organized and existing under the laws of the State of Illinois with its principal place of business located at 205 Huehl Road, Northbrook, Illinois 60062. It is in the business of manufacturing and supplying industrial safety products and personal protective equipment.

5. Defendant Enviroguard, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 2400 Skyline Drive, Suite 400, Mesquite, Texas 75149. It is in the business of manufacturing and marketing industrial protective apparel and protective products.

**BACKGROUND**

6. Saf-T-Gard is the owner of all rights in U.S. Trademark Registration Number 1,591,809 for the mark "ENVIRO-GARD", directed to protective apparel for the handling of hazardous materials. Its registration, a copy of which is attached hereto as Exhibit "A", has become "incontestable" pursuant to 15 U.S.C. § 1065. It is conclusive proof of Saf-T-Gard's exclusive rights in the "ENVIRO-GARD" mark. At all relevant times, Saf-T-Gard has provided notice pursuant to 15 U.S.C. § 1111 that its mark is registered pursuant to the protections of the *Lanham Act.*

7. Saf-T-Gard has continuously marketed and sold industrial hazard protective apparel under the mark "ENVIRO-GARD" since 1989, and has achieved a reputation for the

quality of its products over its 25 years of continuous presence in the industry. In particular, Plaintiff markets protective clothing including aprons, coveralls, hairnets/beard guards, shoe/boot covers and protective sleeves, all designed to keep the user's body covered from most liquid splash hazards. (See Exhibit "B", attached).

8. Defendant, as a knowledgeable manufacturer and merchant in the industrial personal hazard protection industry, is well aware of Saf-T-Gard's reputation, and the goodwill associated with its "ENVIRO-GARD" mark.

9. Defendant markets numerous products under the "ENVIROGUARD" mark which are either identical in nature, or closely related to products marketed by Plaintiff under its registered trademark, including (without limitation), "ChemSplash 2", "SoftScrubs", "ViroGuard", "GammaGuard CE", "BodyFilter CE", and "Body Filter 95+", which Defendant promotes (See composite Exhibit "C", attached).

10. In 2007, Defendant applied for Federal trademark registration for the mark "ENVIROGUARD" for "Wholesale ordering services in the field of personal protection and safety equipment and supplies for use in industrial and manufacturing environments." (See Exhibit "D" attached). Defendant disclosed in its application a first use date of May 3, 2004, some 15 years after Saf-T-Gard's disclosed first use of its "ENVIRO-GARD" mark. (See *Id.*)

11. On March 5, 2008, the United States Patent and Trademark Office rejected the Defendant's trademark application, following its determination that a likelihood of confusion exists as between Defendant's "ENVIROGUARD" mark and Plaintiff's prior exclusive use of the nearly identical mark for nearly identical goods and services. The United States Patent and Trademark Office further affirmed its determination on January 14, 2010 by continuing and

maintaining the refusal to register Defendant's mark based on a likelihood of confusion with Plaintiff's "ENVIRO-GARD" mark and registration. (See composite Exhibit "E", attached).

12. Despite its knowledge of the U.S. Trademark Office's determination that Defendant's proposed use of "ENVIROGUARD" was confusingly similar to Plaintiff's "ENVIRO-GARD" mark, Defendant recently changed its corporate name from "International Enviroguard Systems, Inc." to "Enviroguard, Inc." and promotes its products under the name "ENVIROGUARD". (See Defendant's July 9, 2013 letter to its customers marked as Exhibit "F" attached).

13. Defendant occupies the same consumer space as Saf-T-Gard, namely, industrial, personal hazard protection products.

14. Defendant has advertised and is likely to continue to advertise, promote and distribute products under the "ENVIROGUARD" name that are similar in nature to the products sold by Plaintiff under its registered "ENVIRO-GARD" trademark.

15. Unless enjoined and restrained by the Court, Defendants will continue to advertise, promote, offer for sale, sell and distribute personal hazard protection products under the "ENVIROGUARD" mark which is nearly identical to Plaintiff Saf-T-Gard's registered trademark.

16. The Defendant's advertisement, promotion, sale, distribution, and offer for sale of personal hazard protection products under the "ENVIROGUARD" mark constitutes infringement, and is causing, and will continue to cause, a likelihood of confusion, mistake or deception, and actual confusion among purchasers of such products, as to the source of those products. Such advertisement, promotion, sale, distribution, and offer for sale are diminishing, and/or will continue to diminish, the distinctiveness of the Plaintiff's registered trademark, and

harm its valuable goodwill and reputation, which is resulting in, and will continue to result in, lost sales of such personal protective products to Defendant. Such acts will also continue to cause irreparable harm to Plaintiff.

17. Defendant's use of the "ENVIROGUARD" mark, which is virtually identical to Plaintiff's registered trademark "ENVIRO-GARD" on or in connection with the promotion, advertising, sale, offering for sale, or distribution of its industrial personal protection apparel, constitutes Unfair Competition under 15 U.S.C. § 1125(a) because such acts constitute a false designation of origin and cause a likelihood of confusion, deception and mistake by the consuming public and the trade.

18. Defendant's use of the "ENVIROGUARD" name in association with promoting industrial personal hazard protection products, creates a likelihood that a false and unfair association will be made between Defendant's and Plaintiff's goods so that the purchasing public is likely to believe that the Defendant's products originate from Plaintiff, or that the Defendant's products are associated with, affiliated with, or otherwise are sponsored by Plaintiff.

19. Defendant's unlawful acts, unless restrained, are likely to continue to cause actual confusion, mistake or deception to the purchasers of industrial personal hazard protection products.

20. Saf-T-Gard has suffered loss of profits and other damages from the confusion, mistake and deception resulting from the acts of Defendants, and believes that it will continue to suffer such damages unless and until Defendants are enjoined and restrained by this Court from engaging in the acts complained of herein.

21. Saf-T-Gard has no adequate remedy at law because injury to its reputation and goodwill cannot be quantified and such injury cannot be compensated by monetary amounts.

**FIRST CLAIM FOR RELIEF**
(Trademark Infringement in Violation of 15 U.S.C. § 1114)

22. This claim alleges trademark infringement pursuant to 15 U.S.C. § 1114. Saf-T-Gard realleges and incorporates herein each of the allegations contained in paragraphs 1-21 above, as though fully set forth herein.

23. Defendant has infringed Saf-T-Gard's registered trademark, and misappropriated and traded upon Saf-T-Gard's goodwill and business reputation by causing a likelihood of confusion among relevant purchasers that its goods are associated with, or sponsored or approved by, the Plaintiff.

24. The acts of the Defendant are knowing, intentional and willful. In the face of the U.S. Patent and Trademark Office's rejection of the Defendant's application for registration, its continued use of the mark "ENVIROGUARD" constitutes clear evidence of such willfulness.

**SECOND CLAIM FOR RELIEF**
(Unfair Competition in Violation of 15 U.S.C. § 1125(a))

25. This claim alleges unfair competition under the *Lanham Act,* 15 U.S.C. § 1125(a). Saf-T-Gard realleges and incorporates by reference each of the allegations contained in paragraphs 1-21 above, as though fully set forth herein.

26. Defendant, through the use of advertising and marketing materials in commerce, is falsely representing to potential purchasers of its goods that such goods are affiliated, or associated with, or sponsored by, the Plaintiff.

27. Defendant is using, in commerce, a false designation of origin, which is likely to cause confusion, mistake, or to deceive as to the affiliation or association of Defendant with Saf-T-Gard and as to the origin, sponsorship or approval of Defendant's goods, services or commercial activities, by Saf-T-Gard.

28. The acts of the Defendant are knowing, intentional and willful. In the face of the U.S. Patent and Trademark Office's rejection of the Defendant's application for registration, its continued use of the mark "ENVIROGUARD" constitutes clear evidence of such willfulness.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Saf-T-Gard prays for relief as follows:

A. That the Court enter Judgment against the Defendant for trademark infringement in violation of 15 U.S.C. § 1114.

B. That the Court enter Judgment against the Defendant for unfair competition pursuant to 15 U.S.C. § 1125(a).

C. That Defendant and each of its agents, servants, employees, attorneys, successors and assigns, and all persons in active concert or participation with it, be enjoined and restrained from using in any manner, or any colorable imitation thereof, "ENVIROGUARD" as a trademark or as a corporate trade name, or any word or words, alone or in combination with each other, which so resemble Saf-T-Gard's registered trademark as to be likely to cause confusion, deception or mistake, on, or in connection with, the advertising, offering for sale, or sale of any industrial personal hazard protection product which is not manufactured, distributed or otherwise authorized by or for Saf-T-Gard.

D. That Defendant be required, in accordance with 15 U.S.C. §1117, to account for and pay to Saf-T-Gard, the following:

1. All gains, profits, benefits and advantages derived by Defendant and all damages suffered by Saf-T-Gard from the above-described acts of trademark infringement and unfair competition and that such amounts be determined by the Court;

2. That such award be trebled;

        3.       All such other damages as the Court shall deem to be just; and,

        4.       All costs and attorneys fees incurred in this action.

E.       That Saf-T-Gard have such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Saf-T-Gard International, Inc. demands a jury trial.

Date: February 7, 2014

                       **SAF-T-GARD INTERNATIONAL, INC**.

                       By:    s/Robert L. Margolis
                                One of Plaintiff's Attorneys

Michael A. Slavin (6202313)
McHale & Slavin, P.A.
2855 PGA Blvd.
Palm Beach Gardens, FL  33410
561-625-6575 (Telephone)
561-625-6572 (Facsimile)
litigation@mchaleslavin.com

Fay Clayton (3122905)
Robert L. Margolis (6226941)
Robinson Curley & Clayton, P.C.
300 South Wacker Drive, Suite 1700
Chicago, Illinois 60606
(312) 663-3100 – Telephone
(312) 663-0303 – Facsimile
fclayton@robinsoncurley.com
rmargolis@robinsoncurley.com